UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES WHITE,

          Petitioner,          Case No. 2:20-cv-12494
                                     Hon. Denise Page Hood

JONATHAN HEMINGWAY,

          Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Federal inmate Charles White is currently confined at the Federal Correctional Institution in Milan, Michigan. White has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the Court for initial screening as required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

A jury in the Northern District of Illinois convicted White of seven counts of wire fraud, in violation of 18 U.S.C. § 1343. The district court sentenced White to a total of 266 months of imprisonment, and the Seventh Circuit affirmed. See *United States v. White*, 737 F.3d 1121 (7th Cir. 2013).

White asserts that on July 14, 2020, he applied to the BOP to be transferred to home confinement under the CARES Act. On July 28, 2020, he asserts that his application was approved by the BOP, and he was assigned to 21-days of quarantine

prior to a scheduled release date of August 20, 2020. White asserts that the day before his scheduled release, August 19, 2020, the order was withdrawn due to the addition of a new COVID-19 risk factor regarding his body-mass index that he says was added to the list of eligibility criteria after the initial approval.

It appears that White has also filed a motion for compassionate release in the United States District Court for the Northern District of Illinois, and that motion appears to be pending as of this writing. (See ECF No. 1, PageID.6-7.)

The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), allows the Bureau of Prisons to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement," but it does not give courts the authority to grant home confinement requests. Pub. L. 116, 134 Stat. 281, 516, § 12003(b)(2). "Designation of an inmate's place of confinement, including placement in home confinement [under section 12003(b)(2) of the CARES Act], rests within the absolute discretion of the BOP." *United States v. Buford*, No. 05-80955, 2020 WL 4040705, at *6 (E.D. Mich. July 17, 2020) (internal quotation marks omitted). As a result, "the district court has no authority to grant relief under section 12003(b)(2)." *Id*. This Court does not have the authority to order White released immediately to home confinement under the CARES Act.

For the foregoing reasons, **IT IS ORDERED** that the petition for writ of habeas corpus is **SUMMARILY DISMISSED**.  The Motion to Stay (ECF No. 2) is **MOOT**.  This case is designated **CLOSED** on the Court's docket.

s/Denise Page Hood
Hon. Denise Page Hood
United States District Judge

Dated:  January 26, 2021